Mr. Winter. Thank you, Your Honor. As you know, this is a case in which we're taking an appeal from the granting of a 12b6 motion to dismiss. It was predicated upon the application of the doctrine of judicial estoppel. That doctrine was applied by the trial court, relying on a petition filed in the bankruptcy court. Before getting to the judicial estoppel and the elements of that, I'd just like to give a few background facts as to how we get to the petition in the bankruptcy court that is the trial court's basis for the judicial estoppel. My client says yes. Yes. I think it would be helpful. We don't have much time. You say that Lynch and Trumpf are both liable for the debt, albeit for different reasons. What are those reasons? Lynch's response is liable for the debt because Trumpf—I'll start with Trumpf. I think that makes more sense. CSI did the work for Trumpf and didn't get paid. They went to Trumpf to get paid. Trumpf told CSI, we gave your money to Lynch. We paid them. We then went to Lynch to get paid from Lynch. The basis for the claim against Lynch is that Lynch is holding CSI's money in trust, a constructive trust. Their failure to turn it over would be a conversion. That's the theory against Lynch. Trumpf, from all of the facts, there's promissory estoppel. They're the ones who said this would be a direct pay. You'll bill us. We'll pay you. There's unjust enrichment in that we did over a half a million dollars of work for them and they didn't pay us anything, yet they got the benefit of the work. Third, there was an assignment, a common law assignment in writing from Lynch to the extent that they had any right to this money was given to CSI and CSI gave it to Trumpf with the bills at the end of the project. We don't know this because this case went out on a motion to dismiss, but if Trumpf paid after they received the assignment, then that's a payment over assignment. They received the assignment in December. We were told by them in January, go see Lynch. So we don't know when they paid Lynch. And then lastly, there's an assortment of facts that indicate that Lynch, in this job, was acting as the agent for Trumpf in having us do all this work. So these are alternative theories. On the agency theory, it's a breach of contract. So there's promissory estoppel, unjust enrichment, alternatively breach of contract, and also payment over the assignment. Those claims are not inconsistent with the claim against Lynch because it's Trumpf who told us that Lynch has got your money. And the trial court's assertion that the unfair advantage that we would have over Trumpf, which is needed for judicial estoppel, was that somehow we could get a double recovery. We can't get a double recovery if we collect- Well, of course, Trumpf could be saddled with double payment. That would be a dispute between Trumpf and Lynch if, in fact, that occurs. Or between Trumpf and CSI. If we ever got to- Are you contending that you have any writing signed by Trumpf undertaking to pay CSI directly? No. This is apparently, and again, we never got to all the facts, but apparently in this industry, the- And obviously, there's no claim that there's a construction bond or a guarantee or an indemnity? No. No. That's not- All the standard ways in which subcontractors protect themselves are missing. In constructing exhibits, because that's what this is, unbelievably a $3 million exhibit at a trade show, in constructing those, there's no mechanics lien rights. There's nothing like that. The facts are in the complaint. We went and met with Trumpf, CSI did. It was going to be a direct bill, meaning in the terms of the industry, that that means CSI bills Trumpf, Trumpf pays CSI, and we did the work, they got the benefit, we never got paid. That the petition for an involuntary bankruptcy makes no mention that the claim against Lynch is, there is no claim against anybody else, and the court somehow read that into the petition for the involuntary bankruptcy. The court also found that the order entered in the bankruptcy court in New Jersey somehow gave us some remedy, gave CSI some advantage over Lynch, not Trumpf, the entity in this case, when Lynch had already filed its own petition for a voluntary bankruptcy before the bankruptcy court in New Jersey entered an order on the involuntary. That's why the involuntary was then just dismissed, and the case went forward as a voluntary. There isn't an inconsistent statement at no point did CSI in any proceeding say, Lynch owes us this money, and only Lynch owes us this money. The theories under which CSI is bringing its claims are not inconsistent. Lynch didn't, or I'm sorry, CSI didn't mislead any court, nothing happened in the bankruptcy court other than the voluntary petition going forward, and most importantly, there has been no unfair advantage gained over Trumpf. The only thing that's happened here is Trumpf has sent us to go after Lynch, when we go after Lynch, turned around and said, oh, well, judicial estoppel, now you can't come back after us. Yeah, I mean, I think you've been pretty clear that you're trying to get paid from somebody and you're trying to get paid once, not twice. One time, that's right. Unless there's any questions, I'd reserve the rest of my time. Okay. Thank you, counsel. Good morning. Mr. D'Angelo for Trumpf, Inc. This is actually clearly a situation where judicial estoppel must pertain. The trial court very clearly- What is the inconsistency between asking to be paid by Lynch and asking to be paid by Trumpf? When CSI filed its involuntary bankruptcy petition against Lynch- Yes. CSI said that Lynch owes it this money. I'm asking, why is that inconsistent with the assertion that Trumpf also owes it this money? One very common thing in bankruptcy is that a suit against the debtor in bankruptcy does not affect a guarantee, third-party guarantee. Nobody thinks that the claim against the bankrupt is inconsistent with a claim against a third-party guarantor. That's essentially how CSI depicts this. It may be right or wrong on the merits, but I can't see any inconsistency. There are major differences, Your Honor, if I may. First, the claim against a guarantor is a specific second obligation under a guarantee agreement. Second- CSI may lose this because it doesn't have a writing signed by Trumpf. The initial question is, is there anything inconsistent between seeking recovery from the debtor in bankruptcy and seeking recovery from a third party? What the district court said is, to seek recovery from the debtor necessarily says that no one else owes me this same money. Correct. And I can't follow that at all. Well, if we look at the complaint, for one, there's no allegation of any kind of guarantee. It is a complaint- That means you just might win on the merits. Yes, but the statement that CSI made when it filed an involuntary bankruptcy took that draconian action against Lynch was that there was an undisputed obligation on the part of Lynch to pay this debt. Yes, and take the standard guarantee example or an insurance example. Seeking recovery from the debtor in bankruptcy does not prevent you from seeking the benefit of an insurance policy. The list goes on and on, yet the district judge said, and this is why you won, to seek recovery from the debtor in bankruptcy necessarily disclaims all efforts to seek recovery from anybody else. And if you can't defend that, you lose. But what you're suggesting- And you can't defend that. Well, what you're suggesting is that on a guarantee, which is based on a obligation- Guarantee, insurance, co-liability, bond, the list is endless. But they are not alleged in this case, for one. That's the merits. For two- That's the merits. It is not a claim of inconsistency. To repeat, the district judge said, if you seek recovery in bankruptcy, you necessarily have disavowed all other sources of recovery. And you can't apply that to guarantees or insurance. It's a really long list. The district court's rationale, if we affirm it, would be a calamity in the financial community. It's inconceivable. With all due respect, Your Honor, the difference there between those examples that Your Honor is raising and this case is that you have to look at what this case is about, what the allegations of the complaint are. The complaint says that it is Trump who is obligated to pay for the services rendered by CSI at that trade show. CSI had already, has already pursued and made the representation to the bankruptcy court that it is Lynch who owes that money for the services it rendered to Lynch under the complaint as alleged. Mr. D'Angelo, I hear you as, look, one thing that's very clear from the briefs is the basis on which you're expressing some of the frustration, which I think, why are we sued? We've already paid. You make that clear on page five of your brief, et cetera. We're getting pulled into this. We're having to incur litigation costs and all that. That may all translate and extend to, we're going to win this on the merits. We got a very, very strong defense for a lot of the reasons Judge Easterbrook is outlining. There's no writing. There's no seemingly not much there. But what you have to deal with is the district court's reasoning entirely on grounds of inconsistency. And one of the things that you say in your brief on page 12 is that in the bankruptcy court, in the involuntary petition paperwork, that there was a representation that Lynch was solely responsible for the 500,000 or the 529. I don't see that. I mean, I see definitely a claim has been lodged, but it doesn't mean that there can't be another party that's jointly liable, jointly and severally liable. Now, whether they are or they are not is a merits question. Except when you look at the petition for involuntary bankruptcy and the requirements. I got it right here. I'm looking at it. Right, and the requirements under the law for making that assertion and filing that petition. It is an undisputed claim that this party, Lynch, is without dispute, without issue, the party liable for the debt. That's true, though, isn't it? There's no question in their view Lynch is 100%, 1,000% liable. But is that necessarily inconsistent with the view that Defendant B, Trump, is also liable? But again, we have to look at the complaint. The complaint does not allege. What do you mean complaint? The complaint in the district court? The complaint in this case. Okay, go ahead. Does not allege any such joint liability, guarantee, indemnity obligation. Yes, that's the merits. But it was a motion. It was a 12B6 motion to dismiss. And the complaint and the judge chose to exercise discretion and take up the equitable issue of judicial estoppel when a party comes in and takes a different position in this court than it took in the underlying court. Sorry, Judge Rovner, please. Well, I mean, is it appropriate to determine judicial estoppel in a motion to dismiss as opposed to a motion for summary judgment? This court has upheld that in the past, and it certainly is in the context of this case. The trial judge took into account the complaint and the items of judicial notice, which were the pleadings in the bankruptcy court, which it is entitled to do. That is all that came up in the context. And if we're going to accept the objective of judicial estoppel to avoid chameleon-like actions, to avoid playing fast and loose with a court, it is perfectly appropriate to adopt that, if appropriate, at that stage. Because the damage that is done is done day one and just is exacerbated by each day that passes when, in fact, they should not be permitted to continue. As an aside, is it your position that you paid for CSI's labor when you paid Lynch? Yes, Your Honor. Your point, as I understand it, it's not all that developed because it's a merits question. Look, we had a written contract with Lynch. We paid on that contract. And what in the world are we doing being sued now? I mean, that's what led you to a judicial estoppel. The district court agreed with it. And you've got this inconsistency issue to deal with. And you're frustrated because you're incurring transaction costs in litigation. I get that. Well, it's more than that. I mean, yes, on the ultimate merits of the case, there's no question that we would assert that we would win. However, because of the actions taken and the equitable doctrine of judicial estoppel, neither the court nor we should be in a position of having to go down that path when CSI has already displayed its position that the party who is responsible is Lynch. It has filed that on several occasions in court. The bankruptcy court acted upon that petition. And so, therefore, each of the elements of judicial estoppel has been demonstrated. My understanding is that CSI is conceding that it cannot collect from both Trump and Lynch. What, then, is the point of a court missing judicial estoppel? Your Honor, several things are at play. One is if they have a judgment against Trump here and a judgment against Lynch in the bankruptcy court, they are still pursuing the claim against Lynch in the bankruptcy court for CSI's assertion that it has owed that money or that Lynch is holding the monies paid by Trump in constructive trust for CSI. So there's a double recovery. There's an opportunity for inconsistent verdicts. I'm lost on where the double recovery problem is. If you get judgments against two tortfeasors with joint and several liability, you can choose which one to collect from, but you only get one recovery. Surely you don't think the joint and several liability itself needs to be abolished because in secret the judgment creditor might collect twice. This is not a claim of joint and several liability. I am well aware of that. That's why this is called a hypothetical. And in the context of this case where CSI has taken the position it did in the bankruptcy court and then later comes and sues Trump, Trump is now no longer in a position to assert. I wish you would deal with my question. I thought I was, Your Honor. Thank you, counsel. Thank you. Anything further, Mr. Winter? All right. The case is taken under advisement.